1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7    GRID ONE SOLUTIONS, INC.,

          Plaintiff,

8

9        v.

10   ELSTER AMCO WATER, LLC,

          Defendant.

11

Case No.  15-cv-03452-JSW

**NOTICE OF QUESTIONS FOR HEARING**

Re: Docket Nos. 19, 20

12
13        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE

14   OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON December 4,

15   2015, AT 9:00 a.m.:

16        The Court has reviewed the parties' briefs and, thus, does not wish to hear the parties

17   reargue matters addressed in those briefs, and it does not require any argument on the motion to

18   strike.  In addition, the parties shall not file written responses to this Notice of Questions for

19   hearing.

20        If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED

21   to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing

22   and to make copies of those authorities available at the hearing.  If the parties submit such

23   additional authorities, they are ORDERED to submit the citations to the authorities only, without

24   argument or additional briefing.  Cf. N.D. Civil Local Rule 7-3(d).  The parties will be given the

25   opportunity at oral argument to explain their reliance on such authority.

26        The Court suggests that associates or of counsel attorneys who are working on this case be

27   permitted to address some or all of the Court's questions contained herein.

28        1.      How does Plaintiff respond to Defendant's argument, as set forth in the reply brief,

United States District Court
Northern District of California

that the arguments and factual assertions set forth in the opposition brief are not supported by the facts alleged in the Complaint, including the arguments regarding whether certain provisions of the MSA could be enforced?  *See, e.g., Beltran v. Capitol Records, LLC,* No. 12-cv-1002-YGR, 2012 U.S. Dist. LEXIS 82025, at *6 (N.D. Cal. June 13, 2012).

2.      In its reply brief, Defendant argues that Plaintiff cannot rely on Article II.A.3 to support the damages element of its claim, because Plaintiff does not allege that Defendant failed to provide materials in accordance with a mutually agreed shipment date or material release schedule.  In paragraphs 28 and 29, Plaintiff alleges that Defendant was unable to supply a contractually required number of products and failed to meet the product delivery schedule.

The Court has considered the argument set forth in footnote 1 of Defendant's reply, which is one inference the Court could draw from the allegations.  It is not, however, the only inference. Accordingly, what is Defendant's best argument that the allegations in paragraphs 28-29 and 38.a are not sufficient to state a claim for breach of contract?

3.      To the extent the Court must interpret the terms of the various agreements, and modifications thereto, that have been attached to the Complaint, does either party contend that there are materials outside the record that the Court must consider to resolve this motion?

4.      Assuming that resolution of Defendant's motion to dismiss involves a pure matter of law, do the parties wish to engage in any form of dispute resolution before the Court issues a ruling on the motion?

**IT IS SO ORDERED.**

Dated: November 13, 2015

JEFFREY S. WHITE
United States District Judge

2